IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| ANTHONY SUMMERS | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:14cv167 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Anthony Summers, an inmate confined at the Lewis Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983 against the Director of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID").

The above-styled action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636 (b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrates.

Analysis

Plaintiff complains of the conditions of his confinement in administrative segregation at the Gib Lewis Unit located in Woodville, Texas.

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. The claims which form the basis of plaintiff's complaint occurred at the Lewis Unit which is located in Tyler County. Pursuant to 28 U.S.C. § 124, Tyler County is located in the Eastern District of Texas. As a result, venue is proper in the Eastern District of Texas.

While Tyler County is in the Eastern District of Texas, it is in the Lufkin Division of such district, rather than the Beaumont Division. When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

For the reasons set forth above, this case should be transferred to the Lufkin Division of this court. A Transfer Order shall be entered in accordance with this Memorandum.

SIGNED this 31st day of March, 2014.

_____
Zack Hawthorn
United States Magistrate Judge